IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 FEB 14  PM 3: 32
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ KK
        DEPUTY

ENRIQUE VARA,
          Plaintiff,

-vs-                                       Case No. A-14-CA-68-SS

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,
          Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss [#5], to which Plaintiff Enrique Vara has not responded.[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is Vara's third lawsuit challenging JPMorgan's authority to foreclose on the real property located at 10303 North RR 620, Austin, Texas 78726. Vara previously filed a lawsuit against Chase Home Finance, LLC[2] in 2011, alleging causes of action including breach of contract, unreasonable collection efforts, violations of the Texas Debt Collection Act, the Texas Deceptive Trade Practices Act, and the Consumer Credit Protection Act, and negligent misrepresentation. *Vara v. Chase Home Finance, LLC*, No. 1:11-CV-318-SS (W.D. Tex. June 17, 2011). This Court

---

[1] The Court therefore GRANTS the motion to dismiss as unopposed. *See* Local Rule CV-7(e)(2).

[2] Chase Home Finance, LLC subsequently merged into JPMorgan Chase Bank, N.A.

dismissed Vara's claims for failing to comply with the liberal pleading standards of Federal Rule of Civil Procedure 8, much less modern pleading jurisprudence as set forth in cases like *Twombly* and *Iqbal*. *Id.* Vara was given an opportunity to replead; he did not do so, and his claims were dismissed without prejudice and the case closed. *Id.*

JPMorgan renewed its efforts to foreclose on the property, and Vara responded by filing suit again, this time alleging a single cause of action for quiet title. *Vara v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 1:12-CV-934-SS (W.D. Tex. Nov. 8, 2012). This Court again dismissed Vara's claims under Rule 12(b)(6), this time *with prejudice* in light of Vara's previous lawsuit challenging JPMorgan's authority to foreclose on the same property. *Id.*

JPMorgan again resumed its efforts to foreclose. Undeterred by two prior dismissals, including one with prejudice, Vara filed this suit, his third challenge to JPMorgan's attempt to foreclose on the same property. Vara now alleges causes of action for breach of contract and "statutory violations" of the Consumer Credit Protection Act. JPMorgan removed the case to this Court, and now moves to dismiss.

## Analysis

### I. Motion to Dismiss—Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

II. **Application**

"The doctrine of *res judicata*, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004). Res judicata is triggered when four elements are present: "(1) the parties in both the prior suit and the current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and

(4) the plaintiff must raise the same cause of action in both suits." *Id.* at 313. Identical causes of action are not strictly necessary; "a prior judgment's preclusive effect extends to all rights of the plaintiff" based on the same nucleus of operative facts. *Id.*

Vara's claims are barred by the doctrine of res judicata. Both of Vara's prior suits were against JPMorgan (or a predecessor-in-interest to JPMorgan). *See Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 188 (5th Cir. 1990) (a successor-in-interest to a property is considered to be "in privity . . . for res judicata purposes" and thus "identical"). This Court had jurisdiction to render judgment in both cases. This Court in fact rendered a final judgment of dismissal on the merits in both cases, once dismissing without prejudice and once dismissing with prejudice. *May v. Transworld Drilling Co.*, 786 F.2d 1261, 1263 (5th Cir. 1986) ("[A] judgment of dismissal for failure to state a claim is a judgment on the merits, with preclusive effect."). Finally, the causes of action in all three cases arise out of the same nucleus of operative facts: Vara's purchase of the property and simultaneous execution of a note and deed of trust, Vara's failure to make timely mortgage payments, and JPMorgan's efforts to enforce its contractual rights and foreclose on the property.

Vara's third suit is an undisguised effort to relitigate[3] the precise issue raised in both of his prior suits: JPMorgan's authority to foreclose. His latest suit is not based on any intervening facts arising between the first foreclosure attempt in 2011 and the latest in 2013. The rights and

---

[3] "Relitigate" is perhaps the wrong word, as it implies Vara had some interest in actively litigating his prior lawsuits. He filed no response to the motion to dismiss in his 2011 case, and made no effort to replead following the dismissal without prejudice. He filed a four-page response to the motion to dismiss his 2012 case, but his defense was based on a fundamental misunderstanding of federal pleading requirements. *See Vara v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 1:12-CV-934-SS, slip op. at 2 n.1 (W.D. Tex. Nov. 8, 2012) (lamenting counsel's reliance on *Conley v. Gibson*, 335 U.S. 41 (1957)). Now faced with a third motion to dismiss in this case, Vara is again absent from his own proceeding, no doubt awaiting the inevitable dismissal and plotting his fourth meritless lawsuit to prevent JPMorgan's next foreclosure attempt.

obligations of the parties remain in the exact situation they were in 2011, though Vara has now abused the judicial system to retain possession of the property for three more years, with no alleged effort to bring his loan current or make any additional payments. If Vara wanted a more direct adjudication of JPMorgan's authority to foreclose, he could have and should have pleaded viable claims (or appealed this Court's dismissals, if he thought them in error) in either of his prior suits. He did not do so, and as a result is now precluded from challenging JPMorgan's authority to foreclose on the property.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant JPMorgan Chase Bank, National Association's Motion to Dismiss [#5] is GRANTED;

IT IS FINALLY ORDERED that all claims brought by Plaintiff Enrique Vara in the above-styled cause are DISMISSED WITH PREJUDICE.

SIGNED this the 14th day of February 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE